

10/19/2006

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| IN RE: § | | |
| § | | |
| **SONIA NELL HACIC** § | | Case No. 05-63065 |
| xxx-xx-3984 § | | |
| 256 Tawakoni, Point, TX 75472 § | | |
| § | | |
| Debtor § | | Chapter 7 |

_____

| | | |
|---|---|---|
| THE WRIGHT FIRM, L.L.P. § | | |
| § | | |
| Plaintiff § | | |
| § | | |
| v. § | | Adversary No. 06-6025 |
| § | | |
| SONIA NELL HACIC § | | |
| § | | |
| Defendant § | | |

## **MEMORANDUM OF DECISION**[1]

Now before the Court in the above-referenced adversary proceeding is the complaint and Motion for Default Judgment (the "Motion") filed by the Plaintiff, Patrick Wright and The Wright Firm, L.L.P. ("Plaintiff" or "The Wright Firm") in the above-referenced adversary proceeding against the Debtor-Defendant Sonia Nell Hacic ("Debtor" or "Defendant"). Based upon the Court's consideration of the pleadings, the evidence submitted, and the applicable legal authorities, the Court concludes that it must

---

[1] This Memorandum of Decision is not designated for publication and shall not be considered as precedent, except under the respective doctrines of claim preclusion, issue preclusion, the law of the case or as to other evidentiary doctrines applicable to the specific parties in this proceeding.

grant summary judgment to the Defendant.[2]

### Facts and Procedural Background

This adversary proceeding was commenced by Plaintiff, Patrick Wright and The Wright Firm, L.L.P., to determine the dischargeability of a debt owed to Plaintiff by Defendant, Sonia Nell Hacic. Prior to filing for bankruptcy protection, in July 2005, Defendant retained the services of Patrick Wright and the Wright Firm, L.L.P., on an hourly basis, for representation in a family law matter. On October 14, 2005, Defendant filed her voluntary Chapter 7 petition. On March 6, 2006, Plaintiff commenced this adversary proceeding. Despite the fact that the Defendant was properly served with the complaint and summons, the Defendant failed to file an answer to the complaint and, on May 17, 2006, the Court entered default against her. On May 26, 2006, Plaintiff filed a Motion for Default Judgment based upon that default, accompanied by an affidavit, and requested this Court to enter a judgment by default against the Defendant not only as to liability, but also as to the non-dischargeable nature of the debt.

However, the Court became concerned that, notwithstanding the admitted facts,[3]

---

[2] This Court has jurisdiction to consider the complaint pursuant to 28 U.S.C. §1334 and 28 U.S.C. §157(a). The Court has the authority to enter a final judgment in this adversary proceeding since it constitutes a core proceeding as contemplated by 28 U.S.C. §157(b)(2)(A), (I), and (O).

[3] In the Complaint, the Plaintiff makes the following assertions, listed by the paragraph number, which have been admitted by the Defendant:

  6. Defendant had requested services of Plaintiff on July 18, 2005 in which Defendant signed a fee agreement to retain the firm's services.
  7. The account was opened on July 18, 2005.
  8. Defendant incurred charges for services on this account totaling $11,752.87, between July 18, 2005 and November 3, 2005.

the nature of the debt, even if owed by the Defendant to the Plaintiff, was not of the type that could be rendered nondischargeable under the provisions of 11 U.S.C. §523(a)(2)(A). Therefore, in order to give the Plaintiff the opportunity to tender additional evidence to the Court, the motion for default judgment was set for hearing and the Court issued a "Sua Sponte Order Directing Plaintiff to Show Cause as to Why Summary Judgment Should Not Be Granted in Favor of Defendant." The Plaintiff subsequently supplied a second affidavit on June 13, 2006 which established that:

(1) the Defendant contracted the law firm on an hourly basis for representation in a family matter in July 2005;

(2) the Defendant incurred numerous charges for legal services provided between the dates of July 15, 2005 and November 3, 2005;

(3) the Defendant entered into a contract with the firm representing her promise to pay the fees incurred for services rendered;

(4) the Plaintiff relied on said representations and continued to represent her;

(5) Said fees were never paid and the Defendant promptly filed for bankruptcy in October 2005 seeking to discharge Plaintiff;

(6) the Plaintiff believes that the Defendant never intended to fully pay the[1] for

---

[1]
9. Defendant has an outstanding balance of $9,252.86 for services rendered during this period.
12. Plaintiff reasonably relied on the representations made by Defendant.
13. Defendant incurred the debts when Defendant had no ability or objective intent to repay them.
15. As a result of Defendant's conduct, Plaintiff has suffered damages in the amount of $9,252.87.
See *Complaint Objecting to Dischargeability of Indebtedness* filed on March 6, 2006 (dkt. #1).

    services rendered on her behalf;

    (7) the Plaintiff requests reimbursement from Defendant for approximately $9,252.87 for legal fees incurred in the representation of Defendant in the family law matter.

No further evidence was presented at the hearing. Plaintiff contends that the admitted facts are sufficient to establish that the credit card debt of $9,252.87 is non-dischargeable under §523(a)(2)(A).

## Discussion

*Default Judgments in Dischargeability Proceedings*

    Upon the filing and the proper service of a complaint instituting an adversary proceeding, a defendant is, of course, required to answer the allegations asserted in the complaint. FED. R. BANKR. P. 7008. Upon a defendant's failure to defend against such allegations, a default of that party may be entered. FED. R. BANKR. P. 7055(a). A judgment by default may thereafter be sought. FED. R. BANKR. P. 7055(b). The Plaintiff in this instance is entitled to the entry of a money judgment against the Defendant for the amounts on her account which remain due and unpaid. However, the Plaintiff recognizes that the entry of such a judgment is usually insignificant (and indeed the net effect against the estate would be accomplished merely by the filing of a claim) without a corresponding judgment that the nature of the debt corresponds to one of the categories of non-dischargeable debt set forth in the Bankruptcy Code.

    However, obtaining a judgment of non-dischargeability by default is not automatic

in order to protect the underlying policies of the bankruptcy system and a debtor's attempt at a fresh start. As stated by one court:

> [C]ourts have become hesitant to 'rubber stamp' motions for default judgments and agreed judgments in 523(a)(2)(A) actions, particularly when the allegations of fraudulent intent are as conclusory as they are here. Under Fed. R. Bank. P. 7055, courts have broad discretion to 'conduct such hearings ... as it deems necessary and proper' to determine whether a default judgment should be entered.
>
> [E]ven though entry of a default results in admission of the allegations of the complaint, the plaintiff is not automatically entitled to entry of a default judgment. Entry of a judgment is discretionary with the trial judge and may be denied where there are insufficient facts to support a cause of action.

*Sziel v. AT&T Universal Card Servs. Corp.* (*In re Sziel*), 206 B.R. 490, 492-93 (Bankr. N.D. Ill. 1997) (citations omitted).

That is particularly true of complaints seeking to hold nondischargeable debts which do not appear to fall within the scope of the non-dischargeability statutes. Even after default, it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action for non-dischargeability since a party in default does not admit to legal conclusions made in a complaint. As recently stated by the Fourth Circuit:

> In the context of a default judgment, the defendant, by his default, admits the plaintiff's well-pleaded allegations of fact so a court must determine whether the well-pleaded allegations in [plaintiff's] complaint support the relief sought in the action. A defendant's default does not in itself warrant the court in entering a default judgment. There must be a sufficient basis in the pleadings for the judgment entered. Further, a defendant is not held to

admit facts that are not well-pleaded or to admit conclusions of law. *DirecTV, Inc. v. Pernites*, 2006 WL 2711978, *1 (4th Cir. Sept. 21, 2006) *citing*, inter alia, *Nishimatsu Constr. Co. v. Houston Nat'l Bank,* 515 F.2d 1200, 1206 (5th Cir.1975) (citations and internal quotations omitted).[4]  In this instance, the Plaintiff asserts that the debt owed to it is non-dischargeable for fraud under §523(a)(2)(A).

*Nondischargeability Under 11 U.S.C. § 523(a)(2)(A)*

In an action to determine the dischargeability of a debt, the creditor has the burden of proof under a preponderance of the evidence standard.  *Grogan v. Garner*, 498 U.S. 279, 286, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991).  "Intertwined with this burden is the basic principle of bankruptcy that exceptions to discharge must be strictly construed against a creditor and liberally construed in favor of a debtor so that the debtor may be afforded a fresh start."[5]  *Hudson v. Raggio & Raggio, Inc. (In re Hudson)* 107 F.3d 355, 356 (5th Cir. 1997).  Thus, without satisfactory proof of each element of the cause of action pled, judgment must be entered for the debtor-defendant.

Section 523(a)(2)(A) of Title 11 provides that:

A discharge under section 727 . . . of this title does not discharge an individual debtor from any debt for money, property, or services, or an extension, renewal, or refinancing of credit, to the extent obtained by false

---

[4] Neither will a default admit factual allegations regarding damages. *See* 10A Charles A. Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2688, at 58-59 (3d ed.1998).

[5] However, a fresh start is not promised to all who file for bankruptcy relief, but only to "the honest but unfortunate debtor." *Grogan,* 498 U.S. at 286-87; 111 S.Ct. at 659-60.

pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition.

Section 523(a)(2)(A) encompasses similar but distinct causes of action. Though other circuits have applied a uniform standard to all §523(a)(2)(A) actions[6], the Fifth Circuit has distinguished the elements of "actual fraud" on the one hand and "false pretenses and false representations" on the other. *RecoverEdge L.P. v. Pentecost*, 44 F.3d 1284, 1292 (5th Cir.1995).

To have a debt excepted from discharge pursuant to the "actual fraud" provision in 11 U.S.C. §523(a)(2)(A), an objecting creditor must prove that: (1) the debtor made representations; (2) at the time they were made the debtor knew they were false; (3) the debtor made the representations with the intention and purpose to deceive the creditor; (4) that the creditor justifiably relied on such representation; and (5) that the creditor sustained losses as a proximate result of the representations. *Id.* at 1293, *as modified by the United States Supreme Court decision of Field v. Mans*, 516 U.S. 59, 116 S.Ct. 437,

---

[6] *See, e.g., Britton v. Price (In re Britton)*, 950 F.2d 602, 604 (9th Cir. 1991); *Caspers v. Van Horne (In re Van Horne)*, 823 F.2d 1285, 1287 (8th Cir. 1987). Though some bankruptcy courts outside of the Fifth Circuit have cited the decision of the United States Supreme Court in *Field v. Mans*, 516 U.S. 59, 116 S.Ct. 437, 133 L.Ed.2d 351(1995), in support of their proposition that all of the §523(a)(2)(A) actions are governed by the elements for actual fraud, *see, e.g., AT&T Universal Card Services v. Ellingsworth ( In re Ellingsworth)*, 212 B.R. 326 (Bankr. W.D. Mo. 1997); *AT& T Universal Card Services v. Alvi (In re Alvi),* 191 B.R. 724 (Bankr. N.D. Ill. 1996); the Supreme Court in that case was actually distinguishing the language used in §523(a)(2)(A) from that utilized in §523(a)(2)(B) in order to determine the degree of reliance necessary above mere reliance in fact in order to exempt a debt from discharge under (a)(2)(A). Since the Supreme Court specifically refused to even apply their direct holding regarding the degree of reliance in actual fraud cases to cases of false pretense or false representation, 116 S.Ct. at 443, n. 8, the statement that the Court erased all distinctions between the three (a)(2)(A) actions strains credibility.

133 L.Ed.2d 351 (1995)[regarding the proper standard of reliance].

However, a debt may also be declared non-dischargeable if it was obtained by false pretenses or by a false representation. While "false pretenses" and "false representation" both involve intentional conduct intended to create and foster a false impression, the distinction is that a false representation involves an express statement, while a claim of false pretenses may be premised on misleading conduct without an explicit statement. *In re Patten*, 225 B.R. 211, 215 (Bankr. D. Ore. 1998). In order for a debtor's representation to constitute a false pretense or a false representation:

> it 'must have been: (1)[a] knowing and fraudulent falsehood [ ], (2) describing past or current facts, (3) that [was] relied upon by the other party.' *In re Allison*, 960 F.2d at 483; see also *In re Bercier*, 934 F.2d at 692 ("[T]o be a false representation or false pretense under §523(a)(2), the 'false representations and false pretenses [must] encompass statements that falsely purport to depict current or past facts.'"

*RecoverEdge L.P.* at 1292-93 (changes in original), quoting *Keeling v. Roeder (In re Roeder)* 61 B.R. 179, 181 (Bankr.W.D.Ky. 1986).[7]

Thus, the distinction recognized by the Fifth Circuit appears to be a chronological one, resting upon whether a debtor's representation is made with reference to a future event as opposed to a representation regarding a past or existing fact. *Bank of Louisiana*

---

[7] Though the Supreme Court in *Field v. Mans* avoided a determination of the degree of reliance required in a false pretense or false representation case, it is reasonable to assume that justifiable reliance, in addition to reliance in fact, is the correct level of reliance required to sustain a finding of nondischargeability in a false pretense or false representation case. *In re Hernandez*, 208 B.R. 872, 876, n. 4 (Bankr. W.D.Tex. 1997).

*v. Bercier (In re Bercier)* 934 F.2d 689, 692 (5th Cir. 1991)[ "[A debtor's] promise...related to [a] *future action* [which does] not purport to depict current or past fact...therefore cannot be defined as a *false representation or a false pretense*."](changes and emphasis in original with citations omitted). Thus, the Plaintiff's complaint must demonstrate the existence of each element of actual fraud.

The Plaintiff simply cannot accomplish that on this record. "Scienter distinguishes 'actual' or 'positive' fraud from 'constructive' fraud or that 'implied by law;' fraud actionable under §523(a)(2)(A) is the 'positive type." *AT&T Universal Card Servs. v. Mercer (In re Mercer)*, 246 F.3d 391, 407 (5th Cir. 2001). Thus the Court must examine the record for evidence to determine the debtor's subjective intent. "In order to prove a debtor's fraudulent intent under §523(a)(2)(A), the creditor must present sufficient evidence to convince the trier of fact that ... the debtor made the statement of intent in bad faith – that is, knowing it was false." *Id.* at 409; *see also, In re Sharpe*, ___ B.R. ___, 2006 WL 2817463, *8 (Bankr. N.D. Tex. Sept. 28, 2006) ["Debts falling within the ambit of section 523(a)(2)(A) are those obtained by fraud 'involving moral turpitude or intentional wrong, and any misrepresentations must be knowingly and fraudulently made.'"]. While a plaintiff might rely upon circumstantial evidence to establish such intent (and to overcome any denial of such intent by the debtor), there is insufficient proof in this record that, at the time of the retention, the Defendant-Debtor knowingly made a false representation that she intended to pay for any fees which might subsequently accrue pursuant to the fee contract. That scienter requirement cannot be

implied and the three-month gap between the making of the contract and the filing of the Defendant's bankruptcy petition is simply insufficient to establish her actual, subjective intent to defraud.[8] At most, this evidence supports a finding that the Debtor breached her obligations under the contract with the Plaintiff and a breach of contract is insufficient to warrant a finding that the debt arising from such a breach should be declared nondischargeable as actual fraud under §523(a)(2)(A). While the Court could enter a money judgment in favor of the Plaintiff, such an action would be pointless since any judgment rendered for breach of a contract would be immediately unenforceable against the Defendant due to the prior entry of the discharge order on March 11, 2006.

Therefore, since the Plaintiff has failed to prove an essential element of its cause of action, the Court concludes that summary judgment for the Defendant is proper, notwithstanding her default regarding the factual allegations contained in the complaint, and the referenced debt of the Plaintiff should be declared dischargeable. Applicable orders and an appropriate judgment shall be entered which are consistent with this opinion.

Signed on 10/19/2006

*Bill Parker*

THE HONORABLE BILL PARKER
CHIEF UNITED STATES BANKRUPTCY JUDGE

---

[8] In fact, any inference regarding the Defendant's intent at the time of the execution of the contract arising from its proximity to the bankruptcy filing is more than rebutted by the fact that the Defendant remitted to Plaintiff a retainer in the amount of $2,500.00 at the time the contract was signed, as reflected in the complaint and in the contract itself.